IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Global Interactive Media, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Viggle Inc., <br><br> Defendant. | Case No. <br><br> **Complaint for Patent Infringement** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Global Interactive Media, Inc. ("GIM") brings this patent-infringement action against Viggle Inc. ("Viggle").

**Parties**

1. GIM is a Belizian company based in Belize.

2. Viggle is a corporation organized under the laws of Delaware, with a place of business located in New York, New York.

**Jurisdiction and Venue**

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court may exercise personal jurisdiction over Viggle. Viggle conducts continuous and systematic business in New York and this District. Viggle maintains

corporate offices in this District. This patent-infringement case arises directly from Viggle's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over Viggle would be consistent with the New York long-arm statute and traditional notions of fair play and substantial justice.

6.   Venue is proper in this District pursuant to 28 U.S.C.§§ 1391(b)(1) and 1400(b).

## Count 1 – Infringement of U.S. Patent No. 8,032,907

7.   Global Interactive owns United States Patent 8,032,907 (the "'907 patent") (attached as Exhibit A).

8.   Viggle is infringing at least one of the 90 methods and systems claimed in the '907 patent.

9.   For example, and for illustration of one of the 90 claims of the '907 patent that Global Interactive alleges Viggle infringes, Viggle infringes claim 18 of the '907 patent as follows:

 a. Claim 18 is a method of "broadcasting program material in at least one broadcast . . . ." (Ex. A, 19:16.) Viggle practiced the method of claim 18 when a user watched the television program "The Voice" and used the Viggle application on her telephone to earn various rewards.

 b. Claim 18 is a method of "receiving one or more user inquiries from one or more recipients of said at least one broadcast, said one or more inquiries including broadcast identifier information . . . ." (Ex. A, 19:17-19.)  In order for this user to earn rewards, she submitted an inquiry to Viggle identifying "The Voice" as a broadcast that she

      wished to view to earn rewards.

c. The method of claim 18 involves "creating a program description file comprising program information related to program material to be broadcast in the future . . . ." (Ex. A, 19:20-22.) Prior to this user's request to earn reward watching "the Voice," Viggle created a file describing the program that the user wished to view to earn rewards.

d. Next, claim 18 involves "communicating the program information into a programmed data processor . . . ." (Ex. A, 19:23-24.) Viggle then loaded this file into a programmed data processor.

e. Claim 18 involves "synchronizing said communicated program information with said program material of said at least one broadcast. . . ." (Ex. A, 19:25-26.) When the Viggle user requested to watch "The Voice" and earn rewards, Viggle synchronized the programmed information with the live "The Voice" broadcast.

f. Claim 18 involves "using said data programmed data processor to communicate, to the one or more recipients, program information that corresponds to the broadcast identifier information included in said one or more inquiries, wherein at least one of the program description file, the program information, and the synchronized program information is associated with the broadcast identifier information." (Ex. A, 19:28-35.) Viggle then communicated to the user all of the information that she needed to earn rewards for watching "The Voice."

**Count 2 – Infringement of U.S. Patent No. 6,314,577**

10. Global Interactive owns United States Patent 6,314,577 (the "'577 patent") (attached as Exhibit B).

11. Viggle is infringing at least one of the 130 methods and systems claimed in the '577 patent.

12. For example, and for illustration of one of the 130 claims of the '577 patent that Global Interactive alleges Viggle infringes, Viggle infringes claim 94 of the '577 patent as follows:

   a. Claim 94 is a "method for providing listeners or viewers of a radio or television broadcast with automated information about program material, comprising the steps of: broadcasting at least one radio or television broadcast . . . ." (Ex. B, 23:14-18.) Viggle practiced the method of claim 18 when a user watched the television program "The Voice" and used the Viggle application on her telephone to earn various rewards.

   b. Claim 94 involves "receiving user inquiries from a listener or viewer of said radio or television broadcast . . . ." (Ex. B, 19-20.) In order for this user to earn rewards, she submitted an inquiry to Viggle identifying "The Voice" as a broadcast that she wished to view to earn rewards.

   c. Claim 94 involves "creating a program description file . . . ." (Ex. B, 23:21.) Prior to this user's request to earn reward watching "the Voice," Viggle created a file describing the program that the user wished to view to earn rewards.

    d. The method of claim 94 involves "communicating program list information into a programmed data processor . . . ." (Ex. B, 23:23-24.) Viggle then loaded this file into a programmed data processor.

    e. Claim 94 involves "correlating said program descriptions of program material with said program list information and generating information in a database responsive to only a broadcast identifier . . . ." (Ex. B, 23:24-27.) When the Viggle user requested to watch "The Voice" and earn rewards, Viggle synchronized the programmed information with the live "The Voice" broadcast.

    f. Claim 94 involves "using said programmed data processor to communicate said program description file responsive to said user inquiry." Viggle then communicated to the user all of the information that she needed to earn rewards for watching "The Voice."

### Count 3 – Infringement of U.S. Patent No. 7,574,721

13. Global Interactive owns United States Patent 7,574,721 (the "'721 patent") (attached as Exhibit C).

14. Viggle is infringing at least one of the 35 methods and systems claimed in the '721 patent.

15. For example, and for illustration of one of the 35 claims of the '721 patent that Global Interactive alleges that Viggle infringes, Viggle infringes claim 20 of the '721 patent as follows:

    a. Claim 20 is "A method for identifying at least one broadcast provider over a network in response to at least one user communication, wherein the at least

one user communication comprises at least one user related broadcast identifier that is not required to by itself identify the at least one broadcast provider, the method comprising: receiving at least one user related network address associated with at least one user communication; . . . ." (Ex. C, 19:17-24.) Viggle practices the method of claim 20 when it identifies ESPN as a broadcast provider of *SportsCenter* based on the user's zip code (the "user related network address") and in response to the audio from the *SportsCenter* program (the "user related broadcast identifier").

b. Claim 20 involves "querying, by a processor, a database of one or more stored network addresses wherein each stored address or part thereof is indexed to one or more stored broadcast identifiers, wherein each of the stored broadcast identifiers is associated with at least one broadcast provider . . . ." (Ex. C, 19:25-29.) Viggle queries a database of stored zip codes indexed to broadcast identifiers, e.g., local broadcast providers available to the user.

c. Claim 20 involves "determining whether the received at least one user related network address matches at least one of the stored network addresses or parts thereof . . . ." (Ex. C, 19:30-32.) Viggle determines whether the user's zip code matches one of the stored zip codes.

d. In Claim 20, "if at least one of said stored network addresses or parts thereof matches the received at least one user related network address, retrieving one or more indexed broadcast identifiers corresponding to the at least one matching network address or part thereof . . . ." (Ex. C, 19:33-37.) Once Viggle determines that the user's zip code matches at least part of a stored zip

      code, Viggle retrieves a broadcast identifier that identifies the broadcast provider ESPN as available to the user based in part on the user's zip code.

e. Claim 20 involves "receiving said at least one user related broadcast identifier associated with at least one user communication . . . ." (Ex. C, 19:38-39.) Viggle receives the user related broadcast identifier when the user transmits a user communication with the audio from *SportsCenter*.

f. Claim 20 involves "identifying, by the processor, at least one broadcast provider using both said retrieved indexed one or more broadcast identifiers and said received at least one user related broadcast identifier, wherein the identifying of the at least one broadcast provider does not require identifying only a closest proximity broadcast provider based on the received at least one network address." (Ex. C, 19:40-46.) Viggle, using, for example, the user related broadcast identifier (the audio from *SportsCenter*) and the user's zip code identifies ESPN as the broadcast provider of *SportsCenter*.

## Prayer for Relief

WHEREFORE, Global Interactive prays for the following relief against Viggle:

(a)     Judgment that Viggle has directly infringed claims of the '907 patent, the '577 patent, and the '721 patent;

(b)     For a reasonable royalty;

(c)     For pre-judgment interest and post-judgment interest at the maximum rate allowed by law; and

(d)     For such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Global Interactive demands a trial by jury on all matters and issues triable by jury.

Date: October 28, 2015

Respectfully Submitted,

*/s/ Matthew M. Wawrzyn*
Matthew M. Wawrzyn (*pro hac vice* pending)
*mwawrzyn@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, IL 60601
Phone: 312.236.0000
Fax: 312.690.4325

*Counsel for Global Interactive Media, Inc.*

4817-2311-2745, v. 4